UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARK H. LAZINKA,<br><br>              Petitioner,<br><br>   v.<br><br>STEVEN LITTLE and STATE OF IDAHO,<br><br>              Respondents. | Case No. 1:16-cv-00114-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

     Pending before the Court is an Amended Petition for Writ of Habeas Corpus (Dkt. 21-1, 36) filed by Petitioner Mark H. Lazinka ("Petitioner" or "Lazinka"), challenging Petitioner's Ada County convictions on three counts of vehicular manslaughter. (Dkt. 21-1, 36.) Respondent has filed a Motion for Summary Dismissal, arguing that all of the claims in the Amended Petition are barred by the one-year statute of limitations, that most of the claims are procedurally defaulted, and that two of the claims are noncognizable. (Dkt. 31.) Also pending are Petitioner's Motion to Take Leave for the

**MEMORANDUM DECISION AND ORDER - 1**

Production of Discovery (Dkt. 43) and Petitioner's Supplemental Motion to Expand the Record (Dkt. 51). These motions are all ripe for adjudication.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 26.) *See* Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order denying Petitioner's motions for discovery and for expansion of the record, granting Respondent's Motion for Summary Dismissal, and dismissing this case with prejudice as untimely.

## BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *State v. Lazinka*, Docket No. 34884, Op. 311 (Idaho Ct. App. Jan. 8, 2009) (per curiam) (unpublished), which is contained in the record at State's Lodging B-4:

> Lazinka was driving on a state highway with a blood alcohol content of .15, nearly twice the legal limit. When the driver of a Mustang, Cammon Hall, tried to pass him, Lazinka cut him off. Lazinka and Hall thereafter engaged in a race, sometimes speeding at approximately 100 miles per hour. At an intersection, Tony Perfect, driving a vehicle also occupied by his wife and their five-week-old daughter, attempted to make a left turn onto the highway where Lazinka and Hall were racing. Hall narrowly missed the Perfects' vehicle, but Lazinka hit them at a high rate of speed, killing all three members of the family.

**MEMORANDUM DECISION AND ORDER - 2**

> The State charged Lazinka with three counts of vehicular manslaughter, I.C. § 18–4006(3). Initially, Hall was likewise charged with three counts of vehicular manslaughter as well as leaving the scene of an injury accident, I.C. § 18–8007, and reckless driving, I.C. § 49–1401. After receiving an accident reconstruction report from the State Police, however, the State dismissed the vehicular manslaughter charges against Hall on the belief that the State could not prove those charges beyond a reasonable doubt.

(State's Lodging B-4 at 1-2.)

Petitioner pleaded guilty to all three counts of vehicular manslaughter. (*Id.* at 2.) He was sentenced to consecutive terms of ten years in prison with four years fixed, for a total of thirty years in prison with twelve years fixed. (*Id.*) The judgment of conviction was entered on April 11, 2006. (State's Lodging A-1 at 95-96.) Petitioner did not timely file a direct appeal, which should have been filed by May 23, 2006, forty-two days after final judgment was entered. *See* Idaho Appellate Rule 14.

Nearly a year later, on May 21, 2007, Petitioner filed a petition for state post-conviction relief, asserting ineffective assistance of counsel on various grounds. (State's Lodging C-1 at 4-9.) The state agreed that Petitioner was deprived of the effective assistance of counsel based on the failure of Petitioner's counsel to file an appeal, and Petitioner was permitted to pursue a direct appeal, while his state post-conviction petition remained pending. (State's Lodging D-4 at 2.)

On direct appeal, the Idaho Court of Appeals affirmed Petitioners' convictions and sentences on January 8, 2009. Petitioner did not file a petition for review with the Idaho

**MEMORANDUM DECISION AND ORDER - 3**

Supreme Court, and the court of appeals issued its remittitur on January 30, 2009. (State's Lodging B-5.)

After Petitioner's direct appeal was completed, the trial court dismissed the remainder of Petitioner's post-conviction petition. (State's Lodging C-1 at 40-44.) The Idaho Court of Appeals affirmed that dismissal. (State's Lodging D-4.) The Idaho Supreme Court denied review on March 31, 2011, and the remittitur issued the same day. (State's Lodging D-10; D-11.)

Petitioner filed his initial Petition (Dkt. 3) in this Court, at the earliest, on March 15, 2016. *See* Rule 3(d) of the Rules Governing Section 2254 Cases ("Habeas Rules"); *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988) (holding that, if a prisoner is entitled to the benefit of the mailbox rule, a legal document is deemed filed on the date the prisoner delivers it to the prison authorities for filing by mail, rather than the date it is actually received by the clerk of court). Petitioner later filed the Amended Petition.

In the instant federal habeas corpus petition, Petitioner asserts the following claims: (1) "manifest injustice"; (2) "illegal nonconsensual warrentless [sic] blood draw"; (3) ineffective assistance of counsel, including thirty-three sub-claims; (4) "sufficiency of the evidence"; (5) "involuntary and unintelligently made plea"; (6) prosecutorial misconduct; (7) judicial bias; (8) "arbitrary and capricious actions"; (9) "excessive sentence"; (10) improper denial of an evidentiary hearing in Petitioner's post-conviction proceedings; and (11) incompetency to stand trial. (Am. Pet., Dkt. 21-1 & 36.)

# PRELIMINARY MOTIONS

Petitioner has filed a motion for discovery and a supplemental motion to expand the record. (Dkt. 43, 51.) Habeas petitioners, unlike traditional civil litigants, are not entitled to discovery as a matter of course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Although the Supreme Court has held that a federal court may not consider evidence of a habeas claim unless that evidence was presented to the state court, *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011), "that prohibition applies only to claims previously adjudicated on the merits in State Court proceedings," *Dickens v. Ryan*, 740 F.3d 1302, 1320 (9th Cir. 2014) (en banc) (internal quotation marks omitted). *Pinholster* does not apply to situations where a petitioner seeks to establish an excuse for procedural default or for noncompliance with the statute of limitation. However, a petitioner still must show good cause to be entitled to discovery on such issues. *See* Habeas Rule 6(a).

Good cause exists when there is "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Bracy*, 520 U.S. at 908-09 (internal quotation marks and alteration omitted). To show good cause, a request for discovery must be supported by specific factual allegations. Habeas corpus review "was never meant to be a fishing expedition for habeas petitioners to explore their case in search of its existence." *Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999) (internal quotation marks omitted). If good cause is shown, the extent and scope of discovery is within the court's discretion. *See* Habeas Rule 6(a).

Habeas Rule 7 gives a federal court the authority to expand the existing state court record with "materials relating to the petition." One of the purposes of Rule 7 is to permit the court to dispose of habeas petitions without the time and expense of conducting an evidentiary hearing. *See* Advisory Committee Note, Habeas Rule 7.

Petitioner has not established good cause why the Court should allow discovery in this case, nor has he shown that an expanded record is necessary for the Court to determine whether his claims are subject to summary dismissal. For the reasons set forth below, it is clear from the current record that Petitioner's claims are untimely. Additional evidence is unnecessary. Therefore, Petitioner's motions for discovery and to expand the record will be denied.

## RESPONDENT'S MOTION FOR SUMMARY DISMISSAL

Habeas Rule 4 authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

Respondent argues that Petitioner's claims are barred by the one-year statute of limitations. The Court agrees. Even with statutory tolling, the initial Petition was filed nearly four years too late. Because Petitioner is not entitled to equitable tolling and has not made a colorable showing of actual innocence, the Court will dismiss the Amended

Petition with prejudice as untimely. The Court need not address Respondent's other arguments for dismissal.

**1.      Standards of Law**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Petitioner was required to seek federal habeas corpus relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[1] 28 U.S.C. § 2244(d)(1)(A). One year in this context actually means 366 days, for example, from January 1, 2010, to January 1, 2011. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Federal Rule of Civil Procedure 6(a) to AEDPA, where the calculation excludes the day the conviction became final). Thus, the first step in a statute of limitations analysis is determining the date on which the petitioner's conviction became final.

---

[1] Several other triggering events for the statute of limitations exist—but are less common—and are set forth in subsections 2244(d)(1)(B)-(D):

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Though Petitioner asserts that these three triggering events also existed in his case (Dkt. 33-1 at 14), the Court disagrees and will calculate the statute of limitations from the date referenced in § 2244(d)(1)(A).

**MEMORANDUM DECISION AND ORDER - 7**

Under 28 U.S.C. § 2244(d)(1)(A), the date of "finality" that begins the one-year time period is marked as follows, depending on how far a petitioner pursues his case:

| **Action Taken** | **Finality Occurs** |
|---|---|
| No direct appeal is filed after state district court order or judgment | 42 days later, *see* Idaho Appellate Rule 14 |
| Appeal is filed and Idaho Court of Appeals issues a decision, but no petition for review is filed with the Idaho Supreme Court | 21 days later, *see* Idaho Appellate Rule 118 |
| Appeal is filed and Idaho Supreme Court issues a decision or denies a petition for review of an Idaho Court of Appeals decision, and Petitioner does not file a petition for writ of certiorari with the United States Supreme Court | 90 days later, *see* United States Supreme Court Rule 13 |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, and the petition is denied | Date of denial |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, the petition is granted, and the United States Supreme Court issues a decision | Date of decision |

In each of the above instances, if the petitioner stops pursuing the case and does not take the next step within the time specified, "finality" is measured from entry of the final judgment or order, not from a remittitur or mandate, which are mere formalities. *Gonzales v. Thaler*, 565 U.S. 134, 150-51 (2012); *Clay v. United States*, 537 U.S. 522, 529 (2003); *Wixom v. Washington*, 264 F.3d 894, 898 n.4 (9th Cir. 2001).

The one-year statute of limitations can be tolled (or suspended) under certain circumstances. AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). Thus, to the extent that a petitioner properly filed an application for postconviction relief or other collateral challenge in state court, the one-year federal limitations period stops running on the filing date of the state court action and resumes when the action is completed. To warrant tolling, the collateral relief application must be "properly filed," meaning that it conforms to state rules governing conditions to filing, including filing deadlines. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

The time before a petitioner files an initial application for collateral review in state court does not toll the statute of limitation. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) ("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval."), *abrogated on other grounds as stated in Nedds v. Calderon*, 678 F.3d 777, 781 (9th Cir. 2012). Although AEDPA generally "does not permit the reinitiation of the [federal] limitations period that has ended before the state petition was filed," *Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003), the United States Supreme Court has established an exception for cases in which the state court grants the petitioner the right to file an out-of-time direct appeal—in that case, the federal habeas statute of limitations begins to run again from the new date of finality, *Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009).

**MEMORANDUM DECISION AND ORDER - 9**

If, after applying statutory tolling, a habeas petition is deemed untimely, a federal court can still hear the merits of the claims if the petitioner can establish that equitable tolling should be applied to toll the remaining time period. *See Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002) ("[A] court must first determine whether a petition was untimely under the statute itself before it considers whether equitable tolling should be applied."). The limitations period may be equitably tolled under exceptional circumstances. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). A petitioner requesting equitable tolling must show "reasonable diligence, not maximum feasible diligence," *id*. at 653 (internal quotation marks and citations omitted), and "whether a petitioner acted with reasonable diligence is a fact-specific inquiry," *Fue v. Biter*, 842 F.3d 650, 654 (9th Cir. 2016).

In addition, the statute of limitations is subject to an actual innocence exception. A petitioner who satisfies this actual innocence gateway standard may have his otherwise time-barred claims heard on the merits. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). Actual innocence in this context means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). Although "habeas petitioners who assert convincing actual-innocence claims [need not] prove diligence to cross a federal court's threshold," a court "'may consider how the timing of the submission and the likely credibility of a

petitioner's affiants bear on the probable reliability of evidence of actual innocence.'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 332 (1995)) (alterations omitted).

2.     **The Petition Is Barred by the Statute of Limitations**

   A.     *Date of Finality and Statutory Tolling*

Petitioner's conviction became final, at the latest, when the Idaho Court of Appeals decided his belated direct appeal in 2009. *See Jimenez*, 555 U.S. at 121 ("[W]here a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A)."). Because Petitioner did not file a petition for review with the Idaho Supreme Court in that appeal, his convictions became final on January 29, 2009, when Idaho's 21-day period for filing a petition for review expired. *See* Idaho Appellate Rule 118; *Gonzales*, 132 S. Ct. at 653. Petitioner's post-conviction petition was already pending at that time. Therefore, Petitioner is entitled to statutory tolling from January 29, 2009, through the conclusion of his state post-conviction proceedings. 28 U.S.C. § 2244(d)(2).

To determine the date when Petitioner's state court post-conviction action concluded, the Court looks to state law. *Allen v. Lewis*, 295 F.3d 1046, 1046 (9th Cir. 2002) (en banc) (reaffirming *Bunney v. Mitchell*, 262 F.3d 973 (9th Cir. 2001) (per curiam), *superseded by* Cal. Rule of Court 8.532(b)(2)(C)) *as stated in Korolev v. Horel*, 386 F. App'x 594 (9th Cir. July 2, 2010) (unpublished)). In Idaho, decisions of the Idaho

Supreme Court are final when the remittitur is issued—in Petitioner's post-conviction case, on March 31, 2011. *See Jakoski v. State*, 32 P.3d 672, 679 (Idaho Ct. App. 2001).

The 90-day certiorari period is not tolled following the last state court decision on a petitioner's state postconviction petition or other application for collateral relief. *Lawrence v. Florida*, 549 U.S. 327, 331 (2007) ("State review ends when the state courts have finally resolved an application for state postconviction relief. After the State's highest court has issued its mandate or denied review, no other state avenues for relief remain open. And an application for state postconviction review no longer exists. All that remains is a separate certiorari petition pending before a *federal* court. The application for state postconviction review is therefore not 'pending' after the state court's postconviction review is complete, and § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari."). Therefore, the statute of limitation in Petitioner's case was statutorily tolled until March 31, 2011, the day the remittitur issued in his post-conviction appeal.

Petitioner's federal habeas corpus petition was due to be filed within one year—by March 31, 2012. Because Petitioner did not file his initial Petition in this Court until March 15, 2016, absent equitable tolling, the Petition was nearly four years too late.

B. *Equitable Tolling*

As noted above, equitable tolling will apply if (1) the petitioner has pursued his rights diligently and (2) extraordinary circumstances stood in his way and prevented a timely filing. *Holland*, 560 U.S. at 649. "[T]he threshold necessary to trigger equitable

**MEMORANDUM DECISION AND ORDER - 12**

tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and alteration omitted). As to the diligence issue, the Supreme Court has held that a petitioner who "waited years, without any valid justification" to bring his post-conviction claims in state court, and then waited "five more months after his [post-conviction] proceedings became final before deciding to seek relief in federal court," had not acted diligently in pursuing his rights. *Pace*, 544 U.S. at 419.

Petitioner first asserts that his post-conviction counsel rendered ineffective assistance and that this constitutes "cause and prejudice." Therefore, contends Petitioner, his untimely filing should be excused. (Pet.'s Opp. Brief, Dkt. 33-1, at 14-15; *see also* Pet.'s Suppl. Brief, Dkt. 49-1, at 11.) However, the rule that ineffective assistance of post-conviction counsel can, in limited circumstances, constitute cause to excuse a petitioner's procedural default, *see Martinez v. Ryan*, 132 S. Ct. 1309 (2012), does not apply to claims barred by the statute of limitations. *See Lambrix v. Sec. of Fla. Dep't of Corrs.*, 756 F.3d 1246, 1249 (11th Cir. 2014) ("[T]he equitable rule in *Martinez* applies only to the issue of cause to excuse the procedural default of an ineffective assistance of trial counsel claim that occurred in a state collateral proceeding and has no application to the operation or tolling of the § 2244(d) statute of limitations for filing a § 2254 petition.") (internal quotation marks omitted); *Avila v. Reinke*, Case No. 1:11-cv-00474-EJL, 2014 WL 4162385, at *8 (D. Idaho Aug. 20, 2014) (unpublished) (stating that

*Martinez v. Ryan* "applies only to a procedural default defense, not to a statute of limitations defense").

Rather, the actions (or inaction) of post-conviction or habeas counsel can only be used to justify equitable tolling if it constitutes an extraordinary circumstance under *Holland*, 560 U.S. at 649. For example, in *Holland*, the petitioner had contacted his habeas counsel on multiple occasions and "repeatedly emphasized the importance" of filing his federal petition on time. *Id.* at 652. The petitioner's attorney failed even to inform the petitioner that the state supreme court had decided his case—"again despite [the petitioner's] many pleas for that information"—and "failed to communicate with his client over a period of years." *Id.* These circumstances led the Supreme Court to conclude that the petitioner in *Holland* might be entitled to equitable tolling. *Id.* at 653-54.

Petitioner has not established extraordinary circumstances that would justify the application of equitable tolling in this case. He offers no specifics to support his argument that the failure of his attorneys to make certain arguments at various stages of the proceedings somehow stood in his way and prevented a timely federal filing. (Dkt. 33-1 at 17-18.) Further, Petitioner has not shown that he exercised reasonable diligence in pursuing his case. Therefore, equitable tolling is inappropriate.

### C. *Actual Innocence*

Because Petitioner is not entitled to equitable tolling, the Court may hear his habeas claims only if he can establish actual innocence. To take advantage of the actual innocence gateway exception to the statute of limitations, a petitioner must demonstrate

"that it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. Stated another way, a petitioner must show that *every* reasonable juror would vote to acquit. In making this showing, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324.

The miscarriage of justice exception is an extremely demanding standard that "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). A court considering whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). The actual innocence analysis "does not turn on discrete findings regarding disputed points of fact, and '[i]t is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses.'" *House v. Bell*, 547 U.S. 518, 539-40 (2006) (quoting *Schlup*, 513 U.S. at 329 (alteration in original)). Rather, the court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *Schlup*, 513 U.S. at 329.

Petitioner has not met this exceptionally strict standard. Indeed, he has not submitted any convincing evidence of innocence at all. His self-serving statements are insufficient. Therefore, *McQuiggen*'s actual-innocence exception does not apply to excuse Petitioner's failure to file his Petition on time.

# CONCLUSION

For the foregoing reasons, the Amended Petition will be dismissed with prejudice as untimely.

# ORDER

**IT IS ORDERED:**

1. Respondent's Motion to File Oversize Reply Brief (Dkt. 40) is GRANTED.

2. Respondent's Motion for Extension of Time to File Response to Petitioner's Motion to Expand the Record (Dkt. 41) is GRANTED.

3. Petitioner's Motion to Take Leave for the Production of Discovery (Dkt. 43) is DENIED.

4. Petitioner's Motion for Extension of Time to File Supplemental Motion in Opposition to Respondent's Motion for Summary Dismissal (Dkt. 44) is GRANTED.

5. Petitioner's Supplemental Motion for Extension of Time (Dkt. 45) is GRANTED.

6. Petitioner's Supplemental Motion to Expand the Record (Dkt. 51) is DENIED.

7. Respondent's Motion for Summary Dismissal (Dkt. 31) is GRANTED, and the Amended Petition is DISMISSED with prejudice.

8. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C.

**MEMORANDUM DECISION AND ORDER - 16**

§ 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: May 10, 2017

B. Lynn Winmill
Chief Judge
United States District Court